UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60268-CIV-COHN/SELTZER

THERMOSET CORPORATION, f/k/a
THERMOSET ROOFING CORP.,
a Florida corporation,

    Plaintiff,

vs.

BUILDING MATERIALS CORP. OF AMERICA
d/b/a GAF MATERIALS CORPORATION,
a Delaware corporation, and ROOFING
SUPPLY GROUP ORLANDO, LLC,
a Delaware limited liability company,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTIONS TO COMPEL

THIS CAUSE is before the Court on Plaintiff's Motion to Compel and Overrule Responses by Roofing Supply Group Orlando LLC to Plaintiff's First Interrogatories and Requests for Production (DE 47) and Plaintiff's Motion to Compel and Overrule Objections by Defendant, Building Materials Corp. of America d/b/a GAF Materials Corporation, to Plaintiff's First Interrogatories and Requests for Production and Motion for Discovery Sanctions (DE 53) and the Court being sufficiently advised, it is hereby ORDERED that each of Plaintiff's Motions to Compel is GRANTED in part and DENIED in part and Plaintiff's Motion for Discovery Sanctions is DENIED as set forth below.

## BACKGROUND

This action arises out of an allegedly defective roofing adhesive. Plaintiff Thermoset Corporation ("Thermoset") is a roofing contractor that was hired to install a roof system at

the Lynden Pindling International Airport in Nassau Bahamas (the "Project"). Defendant Building Materials Corp. of America d/b/a GAF Materials Corporation ("GAF") is a manufacturer of roofing materials and systems with whom Thermoset allegedly consulted to obtain specifications of appropriate materials for the Project. Defendant Roofing Supply Group Orlando LLC ("RSG") is a distributor of GAF's roofing products. Thermoset purchased from GAF, but through RSG, certain roofing materials and components, including a particular water-based adhesive. Thereafter, the roof material failed, allegedly as a result of the defective adhesive recommended by GAF and RSG. Thermoset alleges that it incurred substantial expense to repair and modify the roof. In its Amended Complaint, Thermoset asserts claims for breach of express and implied warranties and for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTA"). GAF and RSG have denied the material allegations of the Amended Complaint and have asserted various affirmative defenses.

During the course of discovery, Plaintiff Thermoset served on Defendants GAF and RSG interrogatories and requests for production of documents, to which both Defendants responded. Plaintiff now moves the Court to compel better responses to its discovery requests.

<u>DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUEST</u>

Plaintiff first takes issue with certain objections by Defendants to its discovery requests. More specifically, Plaintiff argues that the Court should overrule Defendant's "General Objections and Responses" and their boilerplate objections. Additionally, Plaintiff argues that Defendants' practice of asserting objections, then without waiving those objections, providing substantive responses, is improper.

Preceding their responses to Plaintiff's individual Interrogatories, Defendants have set forth 15 "General Objections and Responses," and preceding their responses to Plaintiff's individual Requests for Production, Defendants have set forth 10 "General Objections and Responses." Defendants state that these General Objections and Responses "apply to and are incorporated into each individual response herein, whether or not expressly incorporated by reference or repeated in such response."

This Court, as well as many others, disfavors "general objections" that fail to discuss deficiencies in specific discovery requests. See, e.g., Puccio v. Sclafani, No. 12-61840, 2013 WL 4068782, at *3 (S.D. Fla. Aug. 12, 2013) (Seltzer, M.J.); Kelley v. FedEx Ground Packages Sys., Inc., No. 3:10-cv-01265, 2011 WL 1584764, at *1-2 (S.D.W. Va. Apr. 26, 2011) (general objections that fail to identify which ones apply to discrete discovery requests "frustrate [ ] the purpose of discovery and fail[ ] to comply with the specificity requirements of Rule 34) (collecting cases disfavoring general objections); Covington v. Sailormen Inc., 274 F.R.D. 692, 693 (N.D. Fla. 2011) ("[B]oilerplate, shotgun style [general] objections are not consistent with the Federal Rules of Civil Procedures' goal of securing 'the just, speedy, and inexpensive determination of every action.'"; "Common sense should have been enough for Defendant to know that boilerplate, shotgun-style 'General Objections,' incorporated without discrimination into every answer, were not consistent with Fed.R.Civ.P 33(b)(4)'s directive that '[t]he grounds for objecting to an interrogatory must be stated with specificity."); Chavez v. Merchtil Commercebank, N.A., No. 10-23244-CIV, 2011 WL 1135005, at *1 (S.D. Fla. Mar. 28, 2011 (Simonton, M.J.) (overruling general objections because they failed to state objections with specificity in violation of Local Rule 26.1(g)(3)(a)); Anderson v. United Parcel Serv. Inc., No. 09-2526-KHV-DJW, 2010 WL

4822564, at *2 (D. Kan. Nov. 22, 2010) ("[G]iven that Plaintiff made no meaningful effort to demonstrate the application of any of her general objections to any particular [discovery request], the Court finds that Plaintiff's objections to be of no consequence and overrules them.").

Here, Defendants' "General Objections" purport to object to all of Plaintiff's discovery requests "to the extent" they may apply. Such objections include, but are not limited to: privileges (i.e, attorney-client privilege, work product doctrine, common-interest privilege or "any other applicable privilege," doctrine, immunity, statute, regulation, rule or protection from discovery"); irrelevancy; vagueness; being overly broad, unduly burdensome, repetitive, duplicative, and oppressive; and confidentiality. In overruling similar "General Objections, one district court stated:

> The Court finds these General Objections worthless for anything beyond delay of discovery. [The responding parties] might just as well have said they object upon every possible ground which the law may provide, so long as it may conceivably apply to [a discovery request]. These ostensible objections say nothing of consequence. They do not constitute objections. [The responding parties] have made no meaningful effort to show the application of any such theoretical objection to any [discovery request]. They have simply stated them as hypothetical or contingent possibilities. Neither the court nor anyone else could reasonably determine beyond speculation what objection, if any, [the responding parties] intend to assert against any specific [discovery request]. They hedge each objection with noncommittal language "to the extent" it may apply. This says nothing more than [the responding parties] possibly may or may not want to object to [a discovery request] on any one or more of twelve different, broadly stated grounds.

Cotracom Commodity Trading Co. v. Seaboard Corp., No. CIV. A 97-2391, 1998 WL 231135, at *1 (D. Kan. May 6, 1998). The Contracom Court's statements are equally applicable here. Accordingly, this Court will disregard Defendants' "General Objections

4

and Responses."

Additionally, Defendants objected to many of Plaintiff's discovery requests on the grounds that the request is "overly broad, vague, harassing, burdensome, not limited in time and scope, and is not calculated to lead to the discovery of admissible evidence." Defendants, however, made no attempt to explain how the particular request is overly broad and not limited in time or scope or why it is vague, harassing and/or irrelevant. "[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to [a discovery request]. On the contrary, the party resisting discovery 'must show specifically how . . . each [discovery request] is not relevant or how each question is overly broad, burdensome, or oppressive." Johnson v. Harris Corp., 677 F.2d 985, 992 (3rd Cir. 1982); see also Chavez, 2011 WL 1135005, at *2 ("Objections that state, without providing any detail that a discovery request is overly broad, unduly burdensome or not relevant . . . are meaningless. [The responding party] must explain the specific and particular way in which [the] requests are overly broad, unduly burdensome or irrelevant."). Such boilerplate objections, without more, "are inadequate and tantamount to not making any objection at all." Sherwin- Williams Co. v. JB Collision Servs, Inc., Nos. 13-CV-1946-LAB (WVG) and 13-CV-1947-LAB (WVG), 2014 WL 3388871, at *2 (S.D. Cal. July 9, 2014) (internal quotation marks and citation omitted); see also Mills v. East Gulf Coast Preparation Co., LLC, 259 F.R.D. 118, 132 (S.D.W. Va. 2009) ("Objections to [discovery requests] must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (The "mere recitation of the familiar litany that an interrogatory or

document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice."). Accordingly, Defendants' boilerplate objections that a request is "overly broad, vague, harassing, burdensome, not limited in time and scope, and is not calculated to lead to the discovery of admissible evidence" are overruled.

Additionally, in response to virtually all of Plaintiff's discovery requests, Defendants have asserted various objections and then proceeded to answer the interrogatories and respond to the requests for production "subject to and without waiving" the objections. Although this practice has become commonplace, courts in the Eleventh Circuit have found that "whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands." Tardif v. People for the Ethical Treatment of Animals, NO. 2:09-cv-537-FtM-29SPC, 2011 WL 1627165, at *2 (M.D. Fla. Apr. 29, 2011); see also Pepperwood of Naples Condo. Ass'n v. Nationwide Mut. Fire Ins. Co., No. 2:10-cv-753-FtM-36SPC, 2011 WL 4382104, at *4-5 (M.D. Fla. Sept. 20, 2011); Mann v. Island Resorts Dev., Inc., No. 3:08cv297/RS/EMT, 2009 WL 6409113, at *3 (N.D. Fla. Feb. 21, 2009). As one court in this District has noted, such objections and answer "preserve[ ] nothing and serve[ ] only to waste the time and resources of both the Parties and the Court. Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." Consumer Elecs. Ass'n v. Compras and Buys Magazine, Inc., No. 08-21085-Civ, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008) (Simonton, M.J.); see also Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, Nos. 11-2684-JWL, 11-2685-JWL, and 11-2686-JWL, 2014 WL 545544, at *2 (D. Kan. Feb. 11, 2014) (stating that practice of objecting to discovery requests and then answering "subject to" or without waiving" objections "is

manifestly confusing (at best) and misleading (at worst), and has no basis at all in the Federal Rules of Civil Procedure"; joining "a growing number of federal district courts in concluding that such conditional answers are invalid and unsustainable"). As one court in the Middle District of Florida has aptly observed:

> [A]nswering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not. Other courts have remarked that all a mixed response really says is the counsel does not know for sure whether the objection is sustainable, that it probably is not, but thinks it wise to cover all bets anyway just in case.

Chemoil Corp. v. MSA V, No. 2:12-cv-472-Ftm-99SPC, 2013 WL 944949, at *2 (M.D. Fla. Mar. 12, 2013). Accordingly, Defendants' objections followed by a substantive response are overruled. In determining the sufficiency of Defendants' responses to Plaintiff's discovery requests, the Court will consider only the response provided to the specific discovery requests and the arguments set forth in their response to the instant motion.

## SPECIFIC REQUESTS TO RSG

Plaintiff moves the Court to compel RSG to provide better answers to Interrogatory Nos. 1, 5, 9, 11, 12, and 14 and Request for Production Nos. 1, 2, 4, 6, 7, 8, 9, 15, 16, 17, 28, and 29. In response to a large number of these discovery requests RSG (after objecting, then without waiving the objection) stated that it lacks knowledge of the information sought by the Interrogatory or that it has no documents in its possession, custody, or control responsive to the Request for Production. In its response to Plaintiff's Motion to Compel, RSG explains its lack of such information and documents:

> RSG distributed roofing materials sold by [GAF] to Thermoset for use in the construction of the [Project]. Contrary to the allegations in Thermoset's Motion to Compel, RSG did not "recommend and approve" roofing materials for the Project.

7

> Further, RSG had no involvement whatsoever in the design or construction of the Project. To that end, representatives from RSG never set foot on the Project. Lastly, RSG has never performed independent inspections, tests, or an analysis of the water-based adhesive, which Thermoset alleges is defective; however, GAF and the manufacturer of the subject water-based adhesive, Henkel, contend that the water based adhesive is not defective, and that improper installation conditions, and acts of God caused problems with the attachment of the roofing materials at the Project.
>
> Based upon RSG's limited involvement with this Project (*i.e.*, the distribution of roofing materials sold by GAF to Thermoset), RSG's knowledge and documentation relating to the Project is minimal. While Thermoset wants more, RSG can only give what it has. RSG cannot manufacture information and/or documentation that it does not possess, and it cannot answer on behalf of another party, although that is what Thermoset would like RSG to do.

Response at 1-2 (DE 52). The Court agrees that it cannot compel a party to provide information or produce documents that it does not have in its possession, custody, or control. See Multi-Tech Sys. v. Dialpad.com, Inc., No. Civ. 00-1540 ADMRLE, 2001 WL 34624004, at *5 n.8 (D. Minn. Aug. 28, 2001) ("As we have previously expressed: '[A]s a matter of practical reality, the Court must accept, at face value, a party's representation that it has fully produced all materials that are discoverable. . . . [W]e have no means to test the veracity of such avowals, other than to appropriately sanction a recalcitrant party for failing to responsibly honor its discovery obligations.'") (quoting Lumber v. PPG Indus., Inc., 168 F.R.D. 641, 643 n.1 (D. Minn. 1996)); Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 152 (S.D.N.Y. 1997) ("Under ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody or control, should resolve the issue of failure of production.") (quotation marks and citations omitted). Accordingly, Plaintiff's Motion to Compel directed

8

to RSG is DENIED with respect to Interrogatory Nos. 11, 12, and 14 and Request for Production Nos. 2, 4, 6, 8, 15, 28, and 29.

The following discovery requests, however, merit further discussion:

1.      Interrogatory No. 1 asks RSG to identify the persons that it believes have knowledge pertaining to the facts alleged in the pleadings and the relationships of those persons to Defendant.  RSG provided a chart identifying those persons.  According to Plaintiff, RSG failed to provide the addresses for all of the persons identified.  In response to Plaintiff's Motion to Compel, RSG agreed that Plaintiff was entitled to additional information as to certain individuals and agreed to provide such information as was available to it.  As of the date of Plaintiff's Reply, however, RSG had not provided the supplemental information.  With respect to Interrogatory No. 1 directed to RSG, Plaintiff's Motion to Compel is GRANTED. If RSG has not yet supplemented its answer to Interrogatory No. 1 to provide a full and complete answer, it shall do so on or before November 25, 2014.

2.      Interrogatory No. 5 asks RSG to state the date and terms of any agreement whereby GAF agreed to indemnify, defend, or hold harmless RSG from any claims asserted by Plaintiff herein.  And Request for Production No. 9 seeks production of all indemnification, defense, and/or hold harmless agreements, including any modifications or amendments thereto (or copies thereof) between RSG and GAF relating to the Project and/or the instant litigation.  In response to these discovery requests, RSG indicated that on February 3, 2014, GAF agreed to defend and indemnify RSG and that it had no responsive documents in its possession, custody, or control.  In its response to Plaintiff's Motion to Compel, RSG clarified that the agreement was oral and no additional terms exist;

9

it contends that it has fully responded to these discovery requests.  Plaintiff also seeks the same information and the same documents from GAF in Interrogatory No. 5 and Request for Production No. 15.  GAF referred to the February 3, 2014 indemnity agreement and indicated it had no responsive documents. Although Plaintiff states in its reply that it is "skeptical" that there is a complete absence of any writing evidencing the indemnity agreement, it proffers no evidence of such writings.  See Golden Trade S.r.L v. Lee Apparel Co., 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992) ("In the face of a denial by a party that it has possession, custody, or control of documents, the discovering party must make an adequate showing to overcome this assertion.").  As noted above, the Court cannot compel Defendants to provide information or documents that do not exist.  See Intermedics, Inc. v. Cardiac Pacemakers, Inc., No. 4-95-716 (JRT/RLE), 1998 WL 35253496, at *6 (D. Minn. July 7, 1998) ("Notwithstanding the [discovering party's] skepticism concerning the fullness of the [responding pary's] discovery response, short of scopolamine, the pillory, or a polygraph, we are at a loss as to what more we can do, when the convictions of the [discovering party] [are] no more convincing the disavowals of the [responding party].").  Accordingly, Plaintiff's Motion to Compel RSG to provide better responses to Interrogatory No. 5 and Request for Production No. 9 is DENIED, and Plaintiff's Motion to Compel GAF to provide better responses to Interrogatory No. 5 and Request for Production No. 15 is DENIED.

   3. Interrogatory No. 9 asks RSG what it contends were the reasons(s) for any failures, including uplift failures, of the roof system at the Project and, to its knowledge, what GAF contends were the reason(s) for any such failures.  It further asks RSG to identify "who made such determination, when it was made, the specific testing done by or

on behalf of GAF and RSG which supports such determination, and who performed such testing." RSG objected to this Interrogatory on the grounds that "it improperly assumes facts that are not in evidence, and improperly shifts the burden of proof to RSG by requiring RSG to answer Plaintiff's self-serving allegations and conclusions for which no record evidence0 exists." It also denied that any products that it distributed and that were sold by GAF caused or contributed to any failures of the roof system and stated "[o]therwise RSG is without knowledge of the facts alleged by Thermoset in Interrogatory No. 9." In response to the instant Motion to Compel, RSG reiterates its objections and asserts that "it is without knowledge of the answer to Interrogatory [No. 9]." Plaintiff contends that although RSG disavows such knowledge in its response to the motion, it inconsistently states that "GAF and the manufacturer of the subject water-based adhesive, Henkel, contend that the water based adhesive is not defective, and that improper installation, installation conditions, and acts of God caused problems with the attachment of the roofing materials at the Project." (DE 52 at 2). Additionally, RSG asserts at least four affirmative defenses identifying other parties potentially responsible for Plaintiff's damages. Plaintiff, therefore, argues that the Court should compel RSG to provide a complete answer to Interrogatory No. 9. The Court agrees that these inconsistencies cast doubt on RSG's professed lack of knowledge. Accordingly, on or before November 25, 2014, RSG shall fully and completely answer Interrogatory No. 9.

    4.    Request for Production No. 1 seeks all documents relating to the Project. After asserting its boilerplate objections (which the Court has overruled), RSG referred Plaintiff to "Ex A" (attached to its response) and its privilege log (attached to its response). In response to the instant Motion, RSG clarifies that it has not withheld any documents

Accordingly, Plaintiff's Motion with respect to Request for Production No. 1 is DENIED.

5.   Request for Production No. 7 seeks various types of documents exchanged between GAF and RSG relating to the purchase of GAF materials used at the Project. After asserting its boilerplate objections (which the Court has overruled), RSG referred Plaintiff to "Ex. A."  In response to the instant Motion, RSG states that it will amend its response to indicate that it has no documents in its possession, custody, or control.  As of the date of Plaintiff's Reply, however, RSG had not amended its response.  Accordingly, Plaintiff's Motion to Compel with respect to Request for Production No. 7 is GRANTED. If RSG has not already amended its response to Request for Production No. 7, it shall do so on or before November 25, 2014.

6.   Request for Production No. 8 seeks "[a]ny and all credit applications, contracts, agreements, and written understandings, including any modifications or amendments thereto (or copies thereof) among and/or between Thermoset and RSG relating to the purchase of GAF materials used at the Project." RSG responded to this by asserting its boilerplate objections (which the Court has overruled); it also objected on the ground that the Requests "call[ ] for confidential documents and/or documents protected by the work product doctrine and attorney-client privilege."[1]  Additionally, RSG stated that its "investigation of documents that may be responsive to the [Request] is continuing, and, therefore, RSG reserves the right to supplement or modify its response and objections to this request if and when if discovers any responsive non-privileged information adduced,

---

[1]  RSG's response to Request No. 8 also referred to "Exhibit A" attached to its response.  Neither party, however, has submitted a copy of RSG's responses to Plaintiff's Request for Production, including "Exhibit A," for the Court's review.

disclosed or developed through discovery or further investigation."[2] RSG's objection with respect to confidential documents is overruled. Under Rule 26, no absolute privilege immunizes confidential information from discovery. Cabrerra v. Government Employees Ins. Co., No. 12-61390, 2014 WL 2999206, at *9 (S.D. Fla. July 3, 2014) (Seltzer, M.J.). "In order to resist discovery of confidential information, a party must first establish that the such information is indeed confidential and then demonstrate that the disclosure might be harmful." Id. (quoting Empire of Carolina, Inc. v. Mackle, 108 F.R.D. 323, 326 (S.D. Fla. 1985) (Marcus, J.)). RSG has made no such showing. Additionally, RSG's objections based on the work product doctrine and attorney-client privilege are not well-taken. Request No. 8 requests documents between RSG and Plaintiff; RSG has failed to explain how such documents could be privileged. In any event, in response to the instant Motion, RSG states that it does not have any responsive documents in its possession, custody, or control and that it will amend its response to the Request to reflect same. As of the date of Plaintiff's Reply, however, RSG had not supplemented its response. Accordingly, Plaintiff's Motion with respect to Request No. 8 is GRANTED. If RSG has not already done so, on or before November 25, it shall supplement its response to Request No. 8.

    7.    Request for Production No. 16 seeks written communications, including correspondence and email by and or between certain individuals and entities relating to

---

[2] Both RSG and GAF inserted this language in response to every discovery request. Defendants' reservation of their rights to supplement their responses is superfluous. Pursuant to Federal Rule of Civil Procedure 26(e)(1), every party is obligated to supplement its responses to discovery responses if such responses are incomplete. Moreover, Defendants may not reserve their right to assert objections to the discovery requests at a later time. Local Rule 26.1(g)(3)(A) provides that "[a]ny ground not stated in an objection [to interrogatories and requests for production] within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived."

Thermoset's work on the Project, and Request No. 17 seeks "[a]ny and all RSG internal memoranda, telephone call records, diaries, job log reports, files or other similar records relating to Thermoset's work on the Project and to any inspections of its work by any party." In response to the instant Motion, RSG responds that it recently identified e-mail correspondence responsive to the Request No. 17, that "it will provide to Thermoset, absent claims of privilege," and that it "will supplement its privilege log" if any of the e-mails are withheld under a claim of privilege. As of the date of Plaintiff's Reply, however, RSG had not produced the emails. With respect to Request No. 16, Plaintiff questions why such emails would not be also responsive to this Request as both Requests seek communications relating to Thermoset's work on the Project. Plaintiff's Motion with respect to Request for Production No. 17 is GRANTED. If RSG has not yet produced all documents responsive to Request No. 17 in its custody, possession, or control, it shall do so on or before November 25, 2014. If any documents are withheld under a claim of privilege, RSG shall supplement its privilege log by that date. With respect to Request No. 16, on or before November 25, 2014, RSG shall supplement its response to explain why the emails responsive to Request No. 17 are not also responsive to Request No. 16.

## SPECIFIC REQUESTS TO GAF

Plaintiff moves the Court to compel GAF to provide better responses to Interrogatory Nos. 1, 5, 6, 7, 9, 11, 12, and 17 and Request for Production Nos. 1, 2, 12, 15, 16, 17, 32, 34, and 35.[3]

---

[3] The Court has already ruled on Plaintiff's Motion to Compel with respect to Interrogatory No. 5 and Request for Production No. 15 when ruling on the discovery requests directed to RSG. See pages 10-11, *supra*.

14

1. Following the filing of Plaintiff's Motion to Compel, Plaintiff and GAF resolved the issues raised by certain of Plaintiff's discovery requests. Accordingly, the Motion to Compel with respect to Interrogatory Nos. 1, 6, 7, 9, 11, and 12 and Request for Production Nos. 1, 2, 12, 16, and 32 is DENIED as moot.

2. Interrogatory No. 17 asks GAF to identify "any complaints, demands, or allegations of defects, deficiencies or failures in the same GAF H2O bonding adhesive which was used at the Project." It additionally asks for other specific information about such complaints, defects, deficiencies, and failures. Request for Production No. 34 seeks documents relating to the same complaints and defects. In response to both discovery requests, GAF asserted its standard boilerplate objections – "overly broad, vague, harassing, burdensome, not limited in time and scope, and is not calculated to lead to the discovery of admissible evidence." In its response to the instant Motion to Compel, GAF argues that Plaintiff has not confined these discovery requests to a reasonable time frame and, therefore, requests that the Court limit them to a reasonable period of time. GAF argues that any information or documents relating to complaints about the water-base adhesive after the completion of the roofing systems in August 2011 would have no relevance to this action. GAF, however, fails to explain why such complaints would not be relevant to Plaintiff's claims that the adhesive was defective and/or to GAF's denial that its adhesive was defective, nor does GAF explain why such complaints would not be relevant to its defense that the roof failure was due to improper installation or to other reasons. GAF contends that the Court should sustain its objections or, alternatively, it suggests that the Court limit Interrogatory No. 17 and Request for Production No. 34 to a three-year period – August 2008 through August 2011.

Plaintiff contends that it intentionally did not propose a time limitation because "it does not know when or how many other instances the same adhesive has failed." Motion at 12 (DE 53). Plaintiff explains that it "was legitimately concerned with GAF being able to avoid proving highly relevant, potentially critical, information simply because Thermoset arbitrarily limited the time frame of the interrogatory." Id. at n.3. Plaintiff further argues that if "there have been only a hand full of failures with the same adhesive over the last ten or more years, certainly GAF could not in good faith complain that providing information on these failures was overbroad and burdensome. On the other hand, if there are a significant number of failures of this adhesive over the same period of time, the information becomes all the more relevant – and supportive of Thermoset's claims – and should be provided." Id. According to Plaintiff, based on other documents produced during discovery, it has learned that GAF experienced problems with the same water-based adhesive on other projects; it, however, does not know when those problems occurred or when the complaints were received.

The Court has already overruled GAF's boilerplate objections, which included the objection that the discovery requests were "not limited in time and scope." Such summary objections do not comport with Local Rule 26.1(g)(3)(A)'s requirement that an objection to a discovery request "state with specificity all grounds" for the objection." Moreover, Interrogatory No. 17 and Request for Production No. 34 seek information and documents highly probative of Plaintiff's claim that the subject roofing system's failure was due to the (allegedly) defective adhesive. Accordingly, on or before November 25, 2014, GAF shall fully and completely respond to Interrogatory No. 17 and produce all documents responsive to Request for Production No. 34.

3.      Request for Production No. 17 seeks "awards, recommendations, accolades, and recognition of Thermoset by GAF relating to Thermoset's installation of GAF materials on any project." In its response to this Request, GAF merely asserted its boilerplate objections (which the Court has overruled). In a supplemental response, it produced an "attached disc, Folder 14," which GAF describes as Thermoset's "entire contractor file for Thermoset." GAF states that it does not have any other information responsive to this request in its possession, custody, or control. As the Court cannot compel a party to produce what it does not have, Plaintiff's Motion as to Request for Production No. 17 is DENIED.

4.      Request No. 35 seeks "[a]ny and all indexes, file numbers, or retrieval information reflecting any of the documents or materials requested in the foregoing" document requests. GAF responded by asserting its standard boilerplate objections (which the Court has overruled). It further objected on the basis of the work product doctrine. Notwithstanding its objections, GAF produced "Exhibits A through C."[4] In response to the Motion to Compel, GAF states that "[c]andidly, [it] is not clear what Thermoset is asking for in this request, despite asking for clarification from Thermoset." Response to 9 (DE 60). According to GAF, it "does not have any indexes, file numbers, or retrieval information associated with the documents requested by Thermoset, and is under no obligation to create such lists under the Federal Rules of Civil Procedure." GAF additionally argues that any such responsive documents created by its counsel is protected by the work product

---

[4] Although the parties did submit GAF's responses and supplemental responses to Plaintiff's discovery requests, these responses did not include the attachments referred to and produced by GAF.

doctrine. Plaintiff replies that it is not seeking any documents created by GAF's counsel; rather, it seeks GAF's "internal discoverable information, that, if necessary would allow Thermoset to forensically investigate whether GAF has fully complied with its discovery obligations, by conducting electronic searches for information controlled by GAF related to the claims in this litigation." Reply at 7 (DE 62). According to Plaintiff, this Request "simply asks for information identifying the manner in which documents responsive to the Request for Production can be accessed so that Thermoset can independently locate the requested documents on GAF's servers or other locations where electronically stored information is maintained." Id. Under Rule 26(b), a party is permitted to discovery "any matter not privileged, that is relevant to the claim or defense of any party." The documents requested by this request are not relevant to or probative of either Plaintiff's claims or any defenses asserted by Defendants. Accordingly, the motion with respect to Request for Production No. 35 is DENIED.

As a final matter, Plaintiff moves the Court to award sanctions, including attorney's fees incurred in bringing its Motion to Compel against Defendant GAF for its allegedly evasive responses to Plaintiff's discovery requests, pursuant to Federal Rule of Civil Procedure 37(a)(4).[5] Plaintiff argues that "GAF disregarded fundamental discovery rules by asserting the same boilerplate objections to nearly every discovery request and then attempting to cure the defects by supplementing some but not all of the deficient responses 'notwithstanding' the same boilerplate objections." Motion at 18 (DE 53). Where, as here, the Court grants in part and denies in part a motion to compel, it "<u>may</u> apportion the

---

[5] Plaintiff has not requested that sanctions be imposed against Defendant RSG.

reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). While the Court does not condone the indiscriminate assertion of boilerplate objections, GAF did also provided substantive responses (albeit purporting to still maintain the objections) to the majority of Plaintiff's discovery requests. The Court, therefore, declines to exercise its discretionary authority to impose sanctions or to apportion reasonable expenses.

DONE AND ORDERED in Fort Lauderdale, Florida, this 18th day of November 2014.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record
via CM/ECF